UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             )
                                                             )
ATLANTIC AVIATION INVESTMENTS LLC,                           )     07 CV 7534
                                                             )
                                                             )
                              Plaintiff,                     )
                                                             )
                 v.                                          )     COMPLAINT
                                                             )
VARIG LOGÍSTICA S.A.                                         )
                                                             )
                                                             )
                              Defendant.                     )
                                                             )
                                                             )
------------------------------------------------------------ X



Plaintiff Atlantic Aviation Investments LLC ("AAI"), by its undersigned counsel, Cleary Gottlieb Steen & Hamilton LLP, as and for its Complaint against Defendant Varig Logística S.A. ("VarigLog") alleges as follows, on knowledge as to itself and its own acts and on information and belief as to all other matters except as indicated otherwise:

NATURE OF THE ACTION

1.      Plaintiff AAI brings this action as a result of Defendant VarigLog's failure to timely repay four loans with principal amounts totaling approximately US$17.1 million (the "Loans") that are currently due and payable to Plaintiff AAI pursuant to certain loan agreements entered into between September 29, 2006 and December 13, 2006 (the "Loan Agreements").[1]

---

[1]  While they contain certain linguistic differences, substantively the Loan Agreements are the same and are so treated in this Complaint.

## THE PARTIES

2. Plaintiff AAI is a limited liability company organized in accordance with the laws of Delaware, with its principal place of business at Edificio Huidobro, Avenida Presidente Riesco 5711, Piso 20, Las Condes, Santiago, Chile.

3. Plaintiff AAI is an indirect wholly-owned subsidiary of LAN Airlines S.A. ("LAN"), one of the leading international airline groups in Latin America.

4. Defendant VarigLog is a corporation organized under the laws of Brazil with its principal place of business at Rua Fidêncio Ramos, no. 223, 14th floor, Vila Olímpia, São Paulo, Brazil. VarigLog, a leading air cargo company in Brazil, is the successor to the cargo business of Viação Aéreas Rio Grandense S.A. ("Old Varig"), which at one time was Brazil's largest air transport company.

5. Defendant VarigLog is a wholly-owned subsidiary of Volo do Brasil S.A. ("VdB"), a corporation organized under the laws of Brazil. Defendant VarigLog and VdB formerly owned 99% and 1%, respectively, of VRG Linhas Aereas S.A. ("VRG"), a corporation organized under the laws of Brazil. VRG is the successor to Old Varig's passenger airline and continues to operate under the "Varig" brand.

## JURISDICTION AND VENUE

6. Pursuant to the Loan Agreements, Defendant VarigLog has consented to the jurisdiction of this Court.

5. The Loan Agreements state, in relevant part:

This Loan Agreement shall be governed by, and construed in accordance with, the laws of the State of New York. The BORROWER hereby (i) irrevocably submits to the non-exclusive jurisdiction of any New York State or Federal court sitting in New York City in any action or proceeding arising out of or relating to this Loan Agreement, (ii) waives any defense based on doctrines of venue or forum non conveniens, or

similar rules or doctrines, and (iii) irrevocably agrees that all claims in respect of such an action or proceeding may be heard and determined in such New York State or Federal court.

7. This Court also has jurisdiction because certain actions in connection with the Loan Agreements, including many of the negotiations, took place in New York.

8. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(2), in that there is complete diversity between the parties, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

9. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(a)(3) because this Court has personal jurisdiction over Defendant VarigLog, which consented to such jurisdiction pursuant to the Loan Agreements.

FACTUAL BACKGROUND

A. The Bankruptcy of Old Varig

10. Old Varig was Brazil's first airline, founded in 1927. Over time, Old Varig developed into a large commercial operation, becoming the largest airline in Brazil and in Latin America. In recent history, however, Old Varig suffered economic hardship, and by 2005, the company had accumulated over $3 billion in debt.

11. On June 17, 2005, Old Varig applied to the Commercial Bankruptcy and Reorganization Court in Rio de Janeiro, Brazil for the commencement of a judicial reorganization proceeding pursuant to the Bankruptcy and Restructuring Law of Brazil, Law No. 11.101 ("NBRL"), while also seeking bankruptcy protection in the United States. Under the NBRL, Old Varig remained in possession and control of its businesses and properties while a recovery plan was developed.

12. In July of 2006, the Brazilian bankruptcy court approved the sale of Old Varig's remaining productive assets to VRG (f/k/a Aéreo Transportes Aéreos S.A.), a company incorporated by Defendant VarigLog and VdB for purposes of this transaction. Defendant VarigLog had itself been acquired by VdB in January of 2006.

13. VRG required ongoing funding in connection with its restructuring and emergence from bankruptcy. Certain investors, including Volo Logistics LLC ("Volo"), an investor in VdB and an affiliate of global distressed private equity fund MatlinPatterson Global Opportunities Funds II L.P., provided financing to keep VRG afloat and to aid in the implementation of its restructuring.

B.    <u>AAI Provides Loan Financing to VRG and VarigLog</u>

14. In September of 2006, VRG required additional financing. Plaintiff AAI provided two loans to VRG directly pursuant to loan agreements dated September 29, 2006 and October 25, 2006. In addition, pursuant to an LSTA Purchase and Sale Agreement for Distressed Trades dated December 13, 2006 (the "LSTA Purchase Agreement"), Plaintiff AAI purchased two loans previously made by Volo, one to VRG and one to Defendant VarigLog.

15. In December 2006, as part of the process of obtaining regulatory approval for VRG under Brazilian aviation regulations, Defendant VarigLog as VRG's parent company was required to contribute approximately 160 million *reais* ($75 million) in capital to VRG before VRG could be granted its own air operator certificate (*Certificação de Homologação de Empresas de Transporte Aéreo,* or "CHETA"). To comply with this requirement, Defendant VarigLog assumed the obligation to repay most of the loans previously entered into by VRG – including all of those made by Plaintiff AAI – pursuant to a certain Debt Assumption Agreement dated December 8, 2006 (the "DAA"), thus removing the debt from VRG's balance sheet.

4

16. The four Loan Agreements on which Plaintiff AAI seeks relief are:

   (a) Loan Agreement in the amount of US$9,600,000 between Plaintiff AAI as Lender and VRG as Borrower, dated September 26, 2006 (the "September 26, 2006 Loan Agreement"). Pursuant to the DAA, Defendant VarigLog assumed all of VRG's obligations under the September 26, 2006 Loan Agreement, including all repayment obligations.

   (b) Loan Agreement in the amount of US$2,790,000 between Plaintiff AAI as Lender and VRG as Borrower, dated October 25, 2006 (the "October 25, 2006 Loan Agreement"). Pursuant to the DAA, Defendant VarigLog assumed all of VRG's obligations under the October 25, 2006 Loan Agreement, including all repayment obligations.

   (c) Loan Agreement in the amount of US$1,200,000 between Volo as Lender and Aéreo Transportes Aéreos S.A. (to be known as VRG) as Borrower, dated December 7, 2006 (the "December 7, 2006 Loan Agreement"). Pursuant to the DAA, Defendant VarigLog assumed all of VRG's obligations under the December 7, 2006 Loan Agreement, including all repayment obligations. Pursuant to the LSTA Purchase Agreement, Plaintiff AAI acquired all rights of the Lender under the December 7, 2006 Loan Agreement, including the right of repayment of principal and other amounts due and owed.

5

(d) Loan Agreement in the amount of US$3,577,300 between Volo as Lender and Defendant VarigLog as Borrower, dated December 13, 2006 (the "December 13, 2006 Loan Agreement"). Pursuant to the LSTA Purchase Agreement, Plaintiff AAI acquired all rights of the Lender under the December 13, 2006 Loan Agreement, including the right of repayment of principal and other amounts due and owed.

17. New York law expressly governs the Loan Agreements.

C. Defendant VarigLog's Repayment Obligations

18. Under the terms of the Loan Agreements, each of the Loans becomes due and payable upon a public offering, sale of the voting stock, or sale of substantially all of the assets of VRG:

> The total amount of the Loan will be repaid on the date that is the earlier to occur of (a) the expiration of the Term, and (b) the occurrence of a Sale of [BORROWER] [the COMPANY][2] . . .

19. The Loan Agreements define the "Sale of Borrower" or "Sale of the Company" as:

> (a) the admission of any ON A Shares, ON B Shares or PN Shares [of VRG],[3] as legally permissible, to trading on any regulated investment exchange, (b) the sale of all or substantially all of the ON A Shares, ON B Shares [of VRG] or the loans made by Varig Logística S.A. to purchase ON A Shares and ON B Shares [of VRG] (other than a sale to a wholly-owned affiliate or an affiliate controlled through majority shareholdings), or (c) the disposal in one or more transactions of all or substantially all of the assets or operations owned by [BORROWER] [the COMPANY].

---

[2] Because one of the relevant triggering events was a sale of VRG, the first three Loan Agreements referred to a "Sale of Borrower" since VRG itself was the Borrower, while the December 13, 2006 Loan Agreement referred to a "Sale of the Company" (with Company being defined as VRG) since this loan was made to Defendant VarigLog rather than to VRG. Thus, under all four Loan Agreements, a sale of VRG triggers the obligation to repay the loans.

[3] The ON A Shares and the ON B Shares constitute all of the voting stock of VRG, while the PN shares are non-voting preferred stock.

20. Accordingly, any such sale of VRG would render the amounts due and owing under the Loan Agreements immediately payable to Plaintiff AAI.

E.  VdB and Defendant VarigLog Sell VRG

21. On March 28, 2007, Gol Linhas Aéreas Inteligentes S.A. ("GOL"), one of Brazil's leading airlines, announced that it had agreed to acquire the total share capital of VRG, conditional upon receiving regulatory approval. GOL further announced that VRG would be acquired by GTI, S.A. ("GTI"), a wholly-owned subsidiary of GOL.

22. On April 3, 2007, GOL received approval from Brazil's National Civil Aviation Agency to complete the transfer of VRG to GTI, and the sale of VRG to GTI closed on April 9, 2007.

23. Accordingly, because GTI acquired all of the ON A Shares and ON B Shares of VRG, a "Sale of BORROWER" (or "Sale of the COMPANY" in the case of the December 13, 2006 Loan Agreement) occurred on April 9, 2007.

24. Pursuant to the terms of the Loan Agreement, each of the above Loans became due and payable on April 9, 2007.

F.  Defendant VarigLog Breaches the Loan Agreements

25. Following the sale of VRG to GTI, Defendant VarigLog failed to repay the Loans and other amounts due to Plaintiff AAI under the Loan Agreements. On August 1, 2007, Plaintiff AAI wrote to Defendant VarigLog and demanded repayment in accordance with the terms of the Loan Agreements by no later than August 15, 2007.

26. Notwithstanding Plaintiff AAI's demands, Defendant VarigLog has not paid any amounts due and owing under the Loan Agreements.

7

27. The Loan Agreements further provide that Defendant VarigLog's failure to "punctually pay any amount due hereunder on the date such payment is due and payable" automatically renders "the totality of the principal and any and all other amounts due hereunder . . . immediately due and payable, without diligence, presentment, demand, protest or other notice of any kind, all of which are hereby expressly waived."

28. Accordingly, Defendant VarigLog's failure to pay the amounts due to Plaintiff AAI constitutes an "Event of Default" under the Loan Agreements.

29. Interest is calculated under the Loan Agreements as follows:

> The principal amount unpaid and outstanding hereunder shall bear interest from the date hereof until paid in full, at the fixed rate of one per cent (1%) per annum (the "Interest Rate"). Interest at such rate shall accrue and be calculated on the basis of the actual number of days elapsed in a year of 360 days, and shall be payable together with the amount of principal of the Loan.

30. Moreover, upon an Event of Default such as Defendant VarigLog's failure to repay the Loans in a timely manner:

> the interest rate applicable to the Loan shall be increased by one percentage point (1%) per annum above the rate of interest applicable hereunder (the "Default Rate"), and all outstanding principal on the Loan shall bear interest at the Default Rate. Interest at the Default Rate shall accrue from the initial date of such Event of Default until that Event of Default is cured or waived by LENDER.

31. Plaintiff AAI, as lender, has not waived the Event of Default.

## COUNT ONE
(Breach of Contract - September 29, 2006 Loan Agreement)

32. Plaintiff AAI repeats and realleges the allegations contained in paragraphs 1 through 31 of this complaint as if fully set forth herein.

33. The September 29, 2006 Loan Agreement is a valid contract enforceable under New York law, pursuant to which VRG borrowed US$9,600,000 (Nine Million, Six

Hundred Thousand Dollars) from Plaintiff AAI. Pursuant to the DAA, Defendant VarigLog assumed all of VRG's obligations under the September 29, 2006 Loan Agreement, including all repayment obligations.

34. As a result of the sale of VRG to GTI, the entire principal amount and accrued interest under the September 29, 2006 Loan Agreement became due and payable on April 9, 2007.

35. Defendant VarigLog failed to repay the amounts due under the September 29, 2006 Loan Agreement and therefore breached its obligations under such agreement.

36. As a direct and proximate result of Defendant VarigLog's failure to repay the amounts due under the September 29, 2006 Loan Agreement, Plaintiff AAI has been damaged in the principal amount of US$9,600,000 (Nine Million, Six Hundred Thousand Dollars) plus interest as calculated pursuant to the terms of the September 29, 2006 Loan Agreement.

## COUNT TWO
(Breach of Contract - October 25, 2006 Loan Agreement)

37. Plaintiff AAI repeats and realleges the allegations contained in paragraphs 1 through 36 of this complaint as if fully set forth herein.

38. The October 25, 2006 Loan Agreement is a valid contract enforceable under New York law, pursuant to which VRG borrowed US$2,790,000 (Two Million, Seven Hundred and Ninety Thousand Dollars) from Plaintiff AAI. Pursuant to the DAA, Defendant VarigLog assumed all of VRG's obligations under the October 25, 2006 Loan Agreement, including all repayment obligations.

9

39. As a result of the sale of VRG to GTI, the entire principal amount and accrued interest under the October 25, 2006 Loan Agreement became due and payable on April 9, 2007.

40. Defendant VarigLog failed to repay the amounts due under the October 25, 2006 Loan Agreement and therefore breached its obligations under such agreement.

41. As a direct and proximate result of Defendant VarigLog's failure to repay the amounts due under the October 25, 2006 Loan Agreement, Plaintiff AAI has been damaged, in the principal amount of US$2,790,000 (Two Million, Seven Hundred and Ninety Thousand Dollars), plus interest as calculated pursuant to the terms of the October 25, 2006 Loan Agreement.

## COUNT THREE
(Breach of Contract - December 7, 2006 Loan Agreement)

42. Plaintiff AAI repeats and realleges the allegations contained in paragraphs 1 through 41 of this complaint as if fully set forth herein.

43. The December 7, 2006 Loan Agreement is a valid contract enforceable under New York law, pursuant to which VRG borrowed US$1,200,000 (One Million, Two Hundred Thousand Dollars) from VdB. Pursuant to the DAA, Defendant VarigLog assumed all of VRG's obligations under the December 7, 2006 Loan Agreement, including all repayment obligations. Pursuant to the LSTA Purchase Agreement, Plaintiff AAI acquired all the rights of the Lender under the December 7, 2006 Loan Agreement, including the right of repayment of principal and other amounts due and owed.

44. As a result of the sale of VRG to GTI, the entire principal amount and accrued interest under the December 7, 2006 Loan Agreement became due and payable on April 9, 2007.

45. Defendant VarigLog failed to repay the amounts due under the December 7, 2006 Loan Agreement and therefore breached its obligations under such agreement.

46. As a direct and proximate result of Defendant VarigLog's failure to repay the amounts due under the December 7, 2006 Loan Agreement, Plaintiff AAI has been damaged, in the principal amount of US$1,200,000 (One Million, Two Hundred Thousand Dollars), plus interest as calculated pursuant to the terms of the December 7, 2006 Loan Agreement.

## COUNT FOUR
(Breach of Contract - September 29, 2006 Loan Agreement)

47. Plaintiff AAI repeats and realleges the allegations contained in paragraphs 1 through 46 of this complaint as if fully set forth herein.

48. The December 13, 2006 Loan Agreement is a valid contract enforceable under New York law, pursuant to which VRG borrowed US$3,577,300 (Three Million, Five Hundred and Seventy-Seven Thousand, Three Hundred Dollars) from VdB. Pursuant to the DAA, Defendant VarigLog assumed all of VRG's obligations under the December 13, 2006 Loan Agreement, including all repayment obligations. Pursuant to the LSTA Purchase Agreement, Plaintiff AAI acquired all the rights of the Lender under the December 13, 2006 Loan Agreement, including the right of repayment of principal and other amounts due and owed.

49. As a result of the sale of VRG to GTI, the entire principal amount and accrued interest under the December 13, 2006 Loan Agreement became due and payable on April 9, 2007.

50. Defendant VarigLog failed to repay the amounts due under the December 13, 2006 Loan Agreement and therefore breached its obligations under such agreement.

51. As a direct and proximate result of Defendant VarigLog's failure to repay the amounts due under the December 13, 2006 Loan Agreement, Plaintiff AAI has been

11

damaged, in the principal amount of US$3,577,300 (Three Million, Five Hundred and Seventy-Seven Thousand, Three Hundred Dollars), plus interest as calculated pursuant to the terms of the December 13, 2006 Loan Agreement.

## COUNT FIVE
(Costs, Expenses and Attorneys Fees)

52. Plaintiff AAI repeats and realleges the allegations contained in paragraphs 1 through 51 of this complaint as if fully set forth herein.

53. Each of the Loan Agreements provides for recoupment of Plaintiff AAI's reasonable costs and expenses, including reasonable attorneys fees, incurred in connection with Plaintiff AAI's efforts to collect all amounts due under the Loan Agreements:

> The BORROWER hereby agrees to pay on demand all reasonable costs and expenses (including, without limitation, all reasonable fees, expenses and other client charges of counsel to the LENDER) incurred by the LENDER in connection with the enforcement of the hereunder . . . . The obligations of the BORROWER under this clause shall survive the payment in full of the Loan and any interest thereon . . . .

54. Accordingly, Plaintiff AAI demands a judgment ordering Defendant VarigLog to pay all of Plaintiff AAI's costs and expenses associated with the enforcement of its rights under the Loan Agreements, including all costs and expenses in connection with this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AAI prays judgment against Defendant VarigLog as follows:

(a) Awarding Plaintiff AAI compensatory damages for Defendant VarigLog's breach of the September 29, 2006 Loan Agreement in the principal amount of US$9,600,000 (Nine Million, Six Hundred Thousand Dollars), plus interest as calculated pursuant to the terms of the September 29, 2006 Loan Agreement;

(b) Awarding Plaintiff AAI compensatory damages for Defendant VarigLog's breach of the October 25, 2006 Loan Agreement in the principal amount of US$2,790,000 (Two Million, Seven Hundred and Ninety Thousand Dollars), plus interest as calculated pursuant to the terms of the October 25, 2006 Loan Agreement;

(c) Awarding Plaintiff AAI compensatory damages for Defendant VarigLog's breach of the December 7, 2006 Loan Agreement in the principal amount of US$1,200,000 (One Million, Two Hundred Thousand Dollars), plus interest as calculated pursuant to the terms of the December 7, 2006 Loan Agreement;

(d) Awarding Plaintiff AAI compensatory damages for Defendant VarigLog's breach of the December 13, 2006 Loan Agreement in the principal amount of US$3,577,300 (Three Million, Five Hundred and Seventy-Seven Thousand, Three Hundred Dollars), plus interest as calculated pursuant to the terms of the December 13, 2006 Loan Agreement for Defendant VarigLog's breach of contract;

(e) Awarding Plaintiff AAI reimbursement of all reasonable costs and expenses (including, without limitation, all reasonable fees, expenses, costs and charges of counsel) incurred in connection with the enforcement of the Loan Agreements against Defendant VarigLog and the collection of all amounts due under the Loan Agreements; and

(f) Granting such other and further relief as the Court may deem just and proper.

>CLEARY GOTTLIEB STEEN & HAMILTON LLP
>
>By: _____
>Jeffrey A. Rosenthal
>A Member of the Firm
>
>One Liberty Plaza
>New York, New York 10006
>(212) 225-2000
>
>Attorneys for Plaintiff Atlantic Aviation Investments LLC

Of Counsel:

Andrew Weaver

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ATLANTIC AVIATION INVESTMENTS LLC.,   No.07 Civ.

Plaintiff,

-against-

VARIG LOGÍSTICA S.A..,

Defendant.

---

### COMPLAINT

---

CLEARY GOTTLIEB STEEN & HAMILTON LLP
ATTORNEYS FOR ATLANTIC AVIATION INVESTMENTS LLC.

ONE LIBERTY PLAZA
BOROUGH OF MANHATTAN
NEW YORK, N Y 10006
(212) 225-2000

COPY RECEIVED

THIS _____ DAY OF _____ 20_____

_____
_____
_____